**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Teresa Waddell, ) | No. CV 11-02092-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| City of Phoenix, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The court has before it defendant's motion for summary judgment (doc. 23), defendant's statement of facts in support ("DSOF") (doc. 24), plaintiff's response and cross-motion for summary judgment (doc. 27), plaintiff's statement of facts ("PSOF") (doc. 28), defendant's reply and response to plaintiff's cross-motion (doc. 31), defendant's controverting statement of facts ("DSOF2") (doc. 32), and plaintiff's reply (doc. 33).

**I**

On a motion for summary judgment we accept undisputed facts as true and review disputed facts in the light most favorable to the non-moving party. Anthoine v. N. Cent. Cntys. Consortium, 605 F.3d 740, 745 (9th Cir. 2010). We may consider any fact asserted by one party that is not addressed by the opposing party as undisputed for the purposes of the motion. Fed. R. Civ. P. 56(e)(2). Similarly, any disputed fact that a party does not support with admissible evidence is insufficient to defeat summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, although plaintiff filed a statement of facts in

1  support of her response and cross-motion for summary judgment, she did not controvert
2  defendant's statement of facts, as required by LRCiv 56.1(b). Accordingly, we accept
3  defendant's statement of facts as true.
4        Plaintiff began working for the City of Phoenix Police Department Mounted Patrol
5  Unit ("MPU") in 1997. The MPU was part of the Downtown Operations Unit ("DOU"), a
6  specialized unit within the Homeland Defense Bureau which was responsible for delivering
7  police service on horseback to the downtown area. Plaintiff became the primary rider and
8  trainer of a horse named Magic. DOU guidelines required MPU officers to feed and groom
9  their assigned horses before transporting them to the patrol destination where they would
10 provide police services and functions. Plaintiff's work week consisted of four ten hour shifts,
11 during which she was allotted time to feed, groom, or otherwise care for Magic. During
12 plaintiff's days off and during the hours she was not working, police assistants would care
13 for and feed Magic, unless there was an emergency. Between 1998 and 2008, plaintiff only
14 submitted four overtime slips in connection with grooming and feeding Magic on days or
15 times that she was not regularly scheduled to work.
16       In November 2008, when it was announced that Magic was to be retired as a Phoenix
17 Police Department patrol horse, plaintiff advised that she wanted to adopt him. Although the
18 adoption of Magic was not officially approved until June 2010, plaintiff voluntarily took
19 possession of Magic in December 2008. Thereafter, Magic stopped performing any police
20 related function or activity. At no time between December 2008, when plaintiff took
21 possession of Magic, and June 2010, when his adoption was approved by the City Council,
22 did plaintiff ask that the City of Phoenix (the "City") take him back, nor did she request
23 compensation or overtime pay for his care and grooming.
24       In October 2011, plaintiff filed a complaint alleging that under the Fair Labor
25 Standards Act ("FLSA") she is entitled to overtime pay because between November 1997 and
26 June 2010 she was required to groom and care for Magic at times outside of her assigned
27 forty hour work week. Complaint at ¶ 43. Defendant moves for summary judgment, arguing
28 that plaintiff has failed to demonstrate that the activity for which she requests overtime is

1  compensable under the FLSA. Defendant contends that plaintiff has already been
2  compensated for any work she performed outside of her forty hour work week between
3  November 1997 and October 2008. Defendant further argues that plaintiff is not entitled to
4  overtime compensation for the care and maintenance of Magic after November 2008, when
5  he was retired. Plaintiff cross-moves for summary judgment arguing that the City has a duty
6  to provide overtime compensation to plaintiff because the activity for which she requests
7  overtime is compensable under the FLSA, and the City knew or should have known that
8  plaintiff was working overtime.

## II

10  Summary judgment is appropriate if the evidence, viewed in the light most favorable
11  to the nonmoving party, shows "that there is no genuine issue as to any material fact and that
12  the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary
13  judgment is also appropriate against a party who "fails to make a showing sufficient to
14  establish the existence of an element essential to that party's case, and on which that party
15  will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct.
16  2548, 2552 (1986).

17  The FLSA, requires an employer to provide overtime pay to employees working more
18  than forty hours in a work week. 29 U.S.C. § 207(a)(1). An activity constitutes "work," and
19  is compensable under the FLSA if it involves "physical or mental exertion (whether
20  burdensome or not) controlled or required by the employer and pursued necessarily and
21  primarily for the benefit of the employer and his business." IBP, Inc. v. Alvarez, 546 U.S.
22  21, 25, 126 S. Ct. 514, 519 (2005). An employee is entitled to be compensated for the
23  "[p]eriods of time between the commencement of the employee's first principal activity and
24  the completion of his last principal activity on any workday." 29 CFR § 790.6(a). The term
25  "workday" is generally defined as "the period between the commencement and completion
26  on the same workday of an employee's principal activity or activities." 29 CFR § 790.6(b).
27  A given activity constitutes a "principal activity," if it is "an integral and indispensable part
28  of the principal activities for which covered workmen are employed." Steiner v. Mitchell,

1   350 U.S. 247, 256, 76 S. Ct. 330, 335 (1956).   "To be integral and dispensable an activity
2   must be necessary to the principal work performed and done for the benefit of the employer."
3   Alvarez v. IBP, Inc., 339 F.3d 894, 902-903 (9th Cir. 2003).

4   Here, it is undisputed that between 1997 and October 2008, feeding and grooming
5   Magic were part of plaintiff's principal activities.  It is also undisputed that plaintiff's
6   workday consisted of a ten hour shift.  Defendant argues that plaintiff is not entitled to
7   overtime pay because she was given time to groom, feed, care for, and maintain Magic within
8   her regularly scheduled workday.  Plaintiff does not dispute that she was given time to groom
9   and feed Magic, but she argues that often the allotted time was insufficient.  During her
10  deposition, however, plaintiff admitted that her shift began before any of the feeding and
11  grooming, and that if there was not a holdover, she left the downtown area approximately one
12  hour prior to the end of her shift to allow her time to transport and feed her assigned horse.
13  DSOF, ex. 1 at pp. 25-26.  Plaintiff also conceded that on her days off and during the hours
14  she was not working, police assistants would care for and feed Magic, unless there was an
15  emergency.  Id. at p. 27.  Moreover, plaintiff acknowledged that to the extent she was held
16  over or worked on her days off, and that time was in excess of her forty hour work week, she
17  submitted overtime slips and was paid overtime for that work.  Id. at p. 27-29.  Plaintiff has
18  not provided any evidence showing that she performed work outside of her forty hour work
19  week for which she has not been paid overtime.  Accordingly, plaintiff cannot defeat
20  defendant's motion for summary judgment on the issue that she has been compensated for
21  overtime in connection with maintenance and care of Magic between November 1997 and
22  October 2008.  Taylor, 880 F.2d at 1045 ("A summary judgment motion cannot be defeated
23  by relying solely on conclusory allegations unsupported by factual data.").  We conclude that
24  plaintiff is not entitled to overtime pay pursuant to the FLSA during the period between 1997
25  and October 2008, beyond that which she was already paid.

26  It is also undisputed that Magic was "retired" and no longer an active police horse as
27  of November 2008.  Defendant argues that because Magic was no longer an active police
28  horse after November 2008, plaintiff is not entitled to overtime compensation for the care and

maintenance of Magic after that date. Plaintiff argues that her compensable activities continued until 2009. Plaintiff's Reply at 7. During plaintiff's deposition, however, she conceded that after she took possession of Magic in November 2008, she no longer performed police functions on him. DSOF, ex. 1 at 33-34. Plaintiff further acknowledged that after she took possession of Magic, caring for him did not constitute police services. Id. Because the time plaintiff spent caring for Magic after she took possession of him was not an activity controlled or required by the City of Phoenix Police Department and pursued necessarily and primarily for the benefit of the Police Department, it was not "work" as defined in the FLSA. Accordingly, plaintiff is not entitled to overtime compensation for time plaintiff spent caring for Magic after November 2008.

Based on the foregoing, we conclude that the activities for which plaintiff seeks overtime are not compensable under the FLSA.[1] Therefore, **IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 23) and **DENYING** plaintiff's cross-motion for summary judgment (doc. 27). The clerk shall enter final judgment in favor of defendant and against plaintiff.

DATED this 13th day of March, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge

---

[1] Because we conclude the activities are not compensable under the FLSA, we do not reach the issue of whether the City had the requisite knowledge to establish a duty to pay overtime to plaintiff under the FLSA.

- 5 -